**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

RENARDO COLLINS,

        Plaintiff,

v.

CREDITORS FINANCIAL GROUP LLC, a New York limited liability company,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.  This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3.  Venue is proper in this Judicial District.

4.  The acts and transactions alleged herein occurred in this Judicial District.

5.  The Plaintiff resides in this Judicial District.

6.  The Defendant transacts business in this Judicial District.

**PARTIES**

7.  Plaintiff Renardo Collins is a natural person.

8.    The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant Creditors Financial Group LLC is a New York limited liability company operating from an address at 3131 S. Vaughn Way, Suite 120, Aurora, Colorado, 80014.

12.   The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.  Sometime in 2010 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account originally owed to US Bank (hereinafter the "Account").

19.  The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.  The Account went into default with US Bank.

21.  After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.  The Plaintiff disputes the Account.

23.  The Plaintiff requests that the Defendant cease all further communication on the Account.

24.  The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.  The Defendant acted at all times mentioned herein through its employee(s).

26.  In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

27. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

28. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

29. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account will remove points

from his credit bureau scores for 10 years and that the Account will always be on his credit bureau reports as a delinquent account.

35.     The Defendant's representations stated in paragraph 34 were false and were false representations in connection with the collection of a debt, the Account.

36.     During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that he could not dispute the Account, that he needed a reason for his dispute of the Account and that just saying that the Account was disputed was not good enough.

37.     The Defendant's representations stated in paragraph 36 were false and were false representations in connection with the collection of a debt, the Account.

38.     In the year prior to the filing of the instant action the Defendant while attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the information required FDCPA 1692d(6) and/or the language required by 1692e(11).

39.     On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

40.    On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

41.    On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

42.    On information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

43.    On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

44.    The Defendant's action(s) constitute harassment or abuse and violate FDCPA 1692d(6).

45.    The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8), e(10) and e(11).

46.    The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

47.    The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." Ellis v.

<u>Cohen & Slamowitz, LLP</u>, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

48.    As a consequence of the Defendant's action(s), the Plaintiff has sustained damages pursuant to FDCPA § 1692k.

## **COUNT I, FDCPA VIOLATION**

49.    The previous paragraphs are incorporated into this Count as if set forth in full.

50.    The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692d(6), § 1692e preface, e(2)(A), e(8), e(10), e(11) and § 1692f preface.

51.    Pursuant to FDCPA § 1692k the Plaintiff is entitled to damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff